NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 12 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JONATHAN LEIGH SOSNOWICZ, | No.  22-16019 |
| Petitioner-Appellant, | D.C. No. 2:20-cv-00040-DGC |
| v. | |
| ATTORNEY GENERAL FOR THE STATE OF ARIZONA; RYAN THORNELL, Director of the Arizona Department of Corrections, Rehabilitation, and Reentry, | MEMORANDUM* |
| Respondents-Appellees. | |

Appeal from the United States District Court
for the District of Arizona
David G. Campbell, District Judge, Presiding

Submitted February 8, 2024**
Phoenix, Arizona

Before:  MURGUIA, Chief Judge, and HAWKINS and JOHNSTONE, Circuit Judges.

Jonathan Leigh Sosnowicz appeals the district court's dismissal of his

ineffective assistance of counsel claim as procedurally defaulted in its denial of his

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

habeas petition under 28 U.S.C. § 2254. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253. We review "the district court's decision on the habeas petition, including questions of procedural default," de novo. *Leeds v. Russell*, 75 F.4th 1009, 1016 (9th Cir. 2023). We review the district court's denial of an evidentiary hearing for abuse of discretion, and its diligence determination under 28 U.S.C. § 2254(e)(2) de novo. *Ochoa v. Davis*, 50 F.4th 865, 890–91 (9th Cir. 2022). We affirm.

Sosnowicz claims ineffective assistance of his trial counsel in plea negotiations, asserting that counsel failed to inform him he could be convicted of second degree murder merely on a finding he acted recklessly, causing him to reject the State's plea offer. The claim is procedurally defaulted because Sosnowicz did not timely raise it in his first postconviction relief proceeding. *See* Ariz. R. Crim. P. 32.2(a)(3). Thus, we cannot consider it unless he establishes both "cause for the default and prejudice from a violation of federal law." *Martinez v. Ryan*, 566 U.S. 1, 10 (2012).

1. As a threshold matter, we must determine whether the district court abused its discretion in denying Sosnowicz an evidentiary hearing. Under 28 U.S.C. § 2254(e)(2), "[i]f the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim," except in narrow circumstances inapplicable here. As the Supreme

Court recently held, if § 2254(e)(2) "applies and the prisoner cannot satisfy its 'stringent requirements,' a federal court may not hold an evidentiary hearing—or otherwise consider new evidence—to assess cause and prejudice under *Martinez*." *Shinn v. Ramirez*, 596 U.S. 366, 389 (2022) (quoting *Williams v. Taylor*, 529 U.S. 420, 433 (2000)).

Here, Sosnowicz did not "develop the factual basis" of his claim of ineffective assistance of trial counsel in state court for purposes of § 2254(e)(2). Because there is no constitutional right to counsel in postconviction proceedings, he is responsible for his counsel's alleged negligence in failing to develop the record on the claim. *Ramirez*, 596 U.S. at 383. Sosnowicz's untimely attempt to raise the claim was not in accordance with state procedural rules and is not diligent for purposes of § 2254(e)(2). *See, e.g.*, *Schriro v. Landrigan*, 550 U.S. 465, 479 & n.3 (2007) (holding petitioner was not diligent where he raised a claim for the first time in a motion for rehearing from the denial of his postconviction petition). Nor does he establish that postconviction counsel abandoned him or otherwise thwarted his attempt to raise the defaulted issue. *Compare with Holland v. Florida*, 560 U.S. 631, 636–43 (2010). The district court did not err in denying an evidentiary hearing.

2.      On the record as it stands, the district court did not err in finding that Sosnowicz's claim of ineffective assistance of trial counsel was procedurally

3

defaulted. While prejudice under *Martinez* requires a showing only that the underlying claim is "substantial," cause under *Martinez* requires establishing that postconviction counsel was ineffective under the standards of *Strickland v. Washington*, 466 U.S. 668 (1984). *Leeds*, 75 F.4th at 1017. Sosnowicz has not carried his burden to show cause.

The record does not establish Sosnowicz's postconviction counsel pursued a "sandbagging" strategy. Counsel was aware of Arizona's procedural requirements. Sosnowicz's hearsay description of his conversation with counsel is ambiguous, and equally can be construed as counsel explaining that he would assess and select the strongest claims to raise on postconviction relief to best position them for a federal habeas petition.

Moreover, "there is no reasonable probability that advancing [the trial ineffective assistance of counsel] claim during initial post-conviction proceedings would have altered the result," *Djerf v. Ryan*, 931 F.3d 870, 880 (9th Cir. 2019). Notably, Sosnowicz does not argue he can meet this standard absent an evidentiary hearing to develop the record. The indictment explicitly charged the second degree murder count in the alternative with an intentional, knowing, or reckless mens rea. The plea offer referenced the indictment, requiring him to plead to its charges, and Sosnowicz assured the court he understood the plea discussions "perfectly." His ambiguous statements months later during the evidentiary hearing and "self-

4

serving" statement years later in his declaration are insufficient to establish deficient performance by his trial attorneys, *see Turner v. Calderon*, 281 F.3d 851, 881 (9th Cir. 2002), or "a reasonable probability he and the trial court would have accepted the guilty plea," *Lafler v. Cooper*, 566 U.S. 156, 174 (2012).

**AFFIRMED.**